304 P.2d 964

In re GENERAL DETERMINATION OF
WATER RIGHTS IN the ESCALANTE
VALLEY DRAINAGE AREA.

George C. GOODWIN, Plaintiff and
Appellant,

v.

Joseph M. TRACY, State Engineer of the
State of Utah, Defendant and
Respondent.

No. 8567.

Supreme Court of Utah.

Dec. 14, 1956.

E. R. Callister, Jr., Atty. Gen., Robert B. Porter, Jr., Ass't. Atty. Gen., for respondent.

HENRIOD, Justice.

This is an intermediate appeal from an order entered in a general water adjudication suit, rejecting appellant's underground water claim, except as it applied to the irrigation of 28 acres of land. Reversed, with instructions to order the Utah State Engineer to reinstate Application No. 11870, with permission to applicant and his successor in interest to submit proof. No costs awarded.

In 1946 appellant purchased land from one Bradshaw, upon which was situated a water well flowing 1 c. f. s., which had been put down in 1934, a few months before the legislature in March, 1935, enacted an underground water bill [1] designed to foreclose the acquisition of rights to the use of underground water except by application filed with the state engineer. Bradshaw did not put the well water to any beneficial use until after March, 1936, but by 1942, 28 acres were being irrigated, by 1946, 45 acres, and during 1952–3–4, 70 acres were being irrigated by the underground water. At all times appellant believed he had a valid right to irrigate a maximum of 80 acres when and if he could break the land. So believing, he filed his claim in a general water adjudi-

Sam Cline, Milford, for appellant.

[1]. Chapter 105, Laws of Utah 1935, presently Title 73-3-1, Utah Code Annotated 1953.

cation suit commenced in 1949, which resulted in the order appealed from rejecting his claim, except as to the irrigation of 28 acres, the lower court basing its order on the theory that the digging of the well initiated a new right which could be perfected within a reasonable time, even after 1935, and that 28 acres only had been irrigated within such time.

Shortly after the 1935 legislation, and in October, 1935, Bradshaw filed an application in compliance therewith, asserting a claim to water a maximum of 80 acres. Apparently out of caution, later he filed another application claiming the same right, basing his claim, however, on the theory that in digging the well he had initiated a right to water 80 acres and could perfect such right in futuro when and as he broke the land. Thereafter the state engineer in writing advised Bradshaw in substance and effect that this second application was the effective one, that the first application should be withdrawn and that the engineer was prepared to reject it because in his opinion there was no appropriable water, all of which, however, the engineer pointed out could be tested on appeal. Bradshaw took the engineer's advice and withdrew the original application, which the lower court found to be invalid by reason of lapsation. Some years later a successor state engineer took a different point of view, and the present state engineer takes the position that the second application filed would not permit of perfecting rights after the 1935 legislation because the water had not been put to a beneficial use prior to the effective date of the legislation.

All this points up two questions we must meet head on: 1) Did the 1935 act preclude the perfection of any right to use underground water that theretofore had not been put to a beneficial use?, and 2) Is the appellant here precluded from asserting rights and making proof under the application which he withdrew at the behest of the state engineer?

As to 1): The 1935 act, so far as it is pertinent here, provides that "No appropriation of water may be made and no rights to the use thereof initiated and no notice of intent to appropriate shall be recognized except application for such appropriation first be made to the state engineer in the manner hereinafter provided, and not otherwise." There is no provision anywhere in the act for the perfection of rights already initiated, but not completed, as there was in the 1903 legislation,[2] the father of our statutory water law. Since that legislation, and over the years, the community and this court by its decisions, in-

2. Chap. 100, Sec. 72, Laws of Utah 1903: " * * * any person, corporation or association who may have heretofore filed notice of appropriation of water, or initiated any right under the provisions of said laws, may complete and perfect such appropriation or right * *. *."

**4**

creasingly have come to realize the mounting importance of water in our arid state, and repeatedly have recognized its terrific impact on our economy, with such emphasis, that we have no hesitation in concluding that the legislature's failure to incorporate a provision allowing for the perfection of rights initiated but not completed, makes it obvious that the legislature intended that although rights already partially perfected would remain undisturbed, any attempt after March, 1935, to acquire a right beneficially to use underground water in addition to that already being used beneficially, even though a claimant intended to use more water in the future and even though he had declared such intention in writing or otherwise, would have to be made by way of filing an application with the state engineer under the 1935 act. For example, if appellant here beneficially had used the well water to irrigate 10 acres of land *prior* to the effective date of the act, he was protected as to use of water on the 10 acres, but of necessity he would have had to file an application with the state engineer *after* the effective date of the act in order to acquire rights to irrigate 70 additional acres which all along he had intended to and declared he ultimately would irrigate.

As to 2): The appellant, and before him, Bradshaw, acted in good faith at every juncture with respect to the pursuit of the water right in question. Apparently out of an abundance of caution, Bradshaw filed his application after and under the 1935 legislation, and thereafter was induced by an honest but erroneous decision of the state engineer to forego his rights under such application, and was lulled into a sense of security which implied and represented that the second application he had filed, was proper, the type of which we now hold would give no rights save those that may have accrued prior to 1935. Under the particular facts of this case, (and none other) where Bradshaw, a farmer looked to the top state water administrator for procedural guidance in perfecting a water right under a new and untested act that represented a radical departure from historically established practice and precedent, and where the appellant, in good faith, purchased the land,—quite invaluable without water,—and irrigated it for many years under the assumption that he had an unimpeachable right to use the water which appeared to be appurtenant to the land, sans mala fides of any kind, simple principles of equity demand that he be relieved of the error of the one person to whom he naturally and not unreasonably looked for counsel. He should be permitted to pursue his withdrawn application and to take advantage of priorities that would have inured to his benefit, but for such withdrawal.

McDONOUGH, C. J., and CROCKETT and WADE, JJ., concur.

WORTHEN, J., concurs in the result.